UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re<br><br>MUHAMMAD MUSTAQ,<br><br>Debtor<br><br>---<br><br>WARREN E. AGIN, CHAPTER 7 TRUSTEE,<br><br>Plaintiff<br><br>v.<br><br>PARVIZ AKBARIEH,<br><br>Defendant | Chapter 7<br>Case No. 09-21882-FJB<br><br><br><br><br>Adversary Proceeding<br>No. 10-1168 |

**MEMORANDUM OF DECISION**

By his complaint in this adversary proceeding, the chapter 7 trustee, Warren E. Agin (the "Trustee"), asserts claims under 11 U.S.C. §§ 547(b) and 550(a)(1) to avoid as preferential and recover for the estate two payments made by the Chapter 7 debtor, Muhammad Mustaq ("Debtor"), to the Defendant, Parviz Akbarieh ("Defendant"). The complaint originally also included fraudulent transfer counts, but the Trustee voluntarily dismissed these at trial; only the preference counts remain. In order to prevail, the Trustee must prove among other things that the Debtor was insolvent at the time of the transfers. 11 U.S.C. § 547(b)(3). Because the transfers occurred some ten and eight months before the bankruptcy filing, the Trustee does not enjoy a presumption of insolvency under § 547(f). For the reasons set forth below, the Court holds that the Trustee failed to establish the insolvency of the Debtor on the dates of the transfers and therefore that judgment must enter for the Defendant.

The Trustee alleges that either the Debtor was insolvent on the dates of the transfers or the transfers rendered the Debtor insolvent, but the Trustee failed to provide adequate evidence to substantiate this claim. The Trustee bears the burden of proving insolvency. 11 U.S.C. § 547(g). At no point during the trial did the Trustee elicit testimony or otherwise submit evidence as to the Debtor's solvency on the dates of the transfers. To establish insolvency, the Trustee submitted only the Debtor's bankruptcy schedules, which are evidence that he was insolvent on the date of the bankruptcy filing, a much later point in time. Retrojection is a well-established and acceptable means of proving insolvency, but it does not permit a court to infer insolvency on earlier dates from a debtor's schedules alone. "Schedules filed by the bankrupt . . . are not of themselves sufficient to show insolvency at the earlier period." *McClung-Logan Equip. Co., Inc. v. Friedman*, 195 F.2d 516, 516 (4th Cir. 1952) (holding that evidence of insolvency at a later date in combination with ample satisfactory evidence that there has been no substantial or radical change in the assets or liabilities of the bankrupt between the earlier and later dates sufficed to prove insolvency at the earlier date). A trustee is further obligated to adduce evidence of a lack of change in the debtor's solvency between the date of a challenged transfer and the date of the filing. *Hassan v. Middlesex County National Bank*, 333 F.2d 838 (1st Cir. 1964) (when insolvency is proved by retrojection, "it is essential that the trustee be able to show the absence of any substantial or radical changes in the assets or liabilities of the bankrupt between the retrojection dates"); *Foley v. Briden (In re Arrowhead Gardens, Inc.)*, 32 B.R. 296, 301 (Bankr. D. Mass. 1983), *aff'd* 776 F.2d 379 (1st Cir. 1985) ("Where a debtor is shown to be insolvent at a date later than the date of the questioned transfer, *and it is shown that the debtor's financial condition did not change during the interim period*, insolvency at the prior time may be inferred from the actual insolvency at the later date" (emphasis added)); *In re Crawford*, 2011 WL 2604811 (Bankr. D. Mass. 2011) (the schedules along with the debtor's testimony that his financial condition remained unchanged sufficed to prove insolvency on the transfer date). Having failed to adduce evidence as to a lack of change in the assets and liabilities of

the Debtor between the transfers and the petition date, the Trustee has failed to establish insolvency on the date of the transfer and cannot prevail.  The Court need not address the other requirements of § 547(b).  Judgment will enter for the Defendant.

Date:  August 9, 2011                          _____
                                               Frank J. Bailey
                                               United States Bankruptcy Judge

3